United States District Court
Southern District of Texas
**ENTERED**
May 25, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROMAN VAZQUEZ BARRERA, *et al*, | § | |
| | § | |
| Petitioners, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-1241 |
| | § | |
| CHAD WOLF, *et al*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND ORDER

Pending before the Court are a number of motions: Defendants' Motion to Dismiss (Doc. No. 51), Defendants' Motion to Strike Amended Complaint (Doc. No. 52), Plaintiffs' Motion for Class Certification (Doc. No. 45), Plaintiffs' Motion for Expedited Discovery (Doc. No. 55), and Plaintiffs' Motion for Expedited Relief (Doc. No. 57). After considering the Motions, briefing, oral arguments, and all applicable law, the Court hereby **DENIES** Defendants' Motion to Dismiss and Motion to Strike Amended Complaint. The Court defers ruling on any of Plaintiffs' Motions until after Defendants provide supplemental information about the proposed class to the Court, as described in more detail below.

### I. BACKGROUND

Plaintiffs filed their original petition for writ of habeas corpus and complaint for declaratory and injunctive relief on April 8, 2020. (Doc. No. 1). There were four original Plaintiffs, all of whom were noncitizens detained at Montgomery Processing Center (MPC) and have medical conditions that put them at particularly high risk of serious illness or death if they contract COVID-19. *Id.* All four Plaintiffs sought a Temporary Restraining Order, requesting temporary release from detention so they could remain healthy and alive for the pendency of the lawsuit. (Doc. No.

12-1, at 6–7). Before the Court could rule on Plaintiffs' request, two of the Plaintiffs were released from MPC—one was released by Immigration and Customs Enforcement (ICE) directly, and the other was ordered released on bond by an immigration judge. (Doc. No. 13; Doc. No. 40).

On April 17, 2020, the Court issued a Memorandum and Order granting in part Plaintiffs' request as a preliminary injunction and releasing one of the Plaintiffs, Georgina Rojas. (Doc. No. 41). The Court denied preliminary relief to the other Plaintiff still in custody, Bassam Jebril, on the basis of his flight risk and the risk of danger to his wife. *Id.* at 16.

On April 28, 2020, Plaintiffs notified the Court that Mr. Jebril had been transferred out of MPC and was being detained in a different detention facility. (Doc. No. 43).

On April 29, 2020, Plaintiffs filed an Amended Complaint. (Doc. No. 44). The Amended Complaint was filed within the twenty-one-day limit for amendment by right under Rule 15(a)(1)(A). The Amended Complaint adds four new individual Plaintiffs, who are also serving as proposed class representatives for a newly added class action claim. All four newly added Plaintiffs are detained at MPC and have medical conditions that they claim put them at higher risk of serious illness or death if they contract COVID-19. The original four Plaintiffs do not seek to act as class representatives.

Plaintiffs filed a Motion for Class Certification with their Amended Complaint. (Doc. No. 45). The proposed class consists of all individuals detained at MPC who have been diagnosed with or are receiving treatment for an enumerated list of medical conditions that put them at higher risk of serious illness or death if they were to contract COVID-19 and/or who are over the age of 50. (Doc. No. 45-1, at 9).

On May 1, 2020, Plaintiffs notified the Court that two of the newly added named Plaintiffs had been released from ICE custody. (Doc. No. 53). Thus, the only named Plaintiffs in this case

who are currently detained at MPC are two of the newly added Plaintiffs: Philip Bakasa and Yaneysi Diaz-Ramirez.

In response to Plaintiffs' Amended Complaint, Defendants filed a Motion to Dismiss (Doc. No. 51) and a Motion to Strike Amended Complaint (Doc. No. 52), arguing that Plaintiffs' case became moot on April 28, 2020, the day before they filed their Amended Complaint, when Mr. Jebril, the last of the original Plaintiffs, left MPC. Plaintiffs then filed a Motion for Expedited Discovery (Doc. No. 54) and a Motion for Expedited Relief (Doc. No. 57).

The Court held a hearing on all pending motions on May 21, 2020. At the hearing, Defendants reported that six detainees had now tested positive for COVID-19. Reportedly, five MPC staff members have also tested positive. (Doc. No. 75, at 11).

## II. ANALYSIS

The Court first addresses Defendants' Motion to Dismiss and Motion to Strike Amended Complaint. Because both Motions raise the same issues of mootness, the Court will address them together.

Defendants argue that, because all four original Plaintiffs were no longer detained at MPC when Plaintiffs filed their Amended Complaint on April 29, 2020, the original case had become moot and thus, Plaintiffs could not amend their original complaint. Thus, argue Defendants, Plaintiffs' case should be dismissed as moot and their Amended Complaint should be stricken as improperly filed.

Article III of the Constitution limits the power of federal courts to adjudicate only "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1; *see United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018). A dispute is no longer a case or controversy, and thus, moot, whenever "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."

*Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). Any change in circumstances that "eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Fontenot v. McCraw*, 777 F.3d 741, 747 (5th Cir. 2015).

In their Original Complaint, Plaintiffs sought release from detention in MPC, either through a writ of habeas corpus or as injunctive relief, and a declaration that their continued detention at MPC violated their due process rights under the Fifth Amendment. For the two Plaintiffs who were released by ICE voluntarily and the third Plaintiff who was transferred out of MPC, the Court finds that their claims have become moot. Because the government has voluntarily released or transferred these three Plaintiffs through processes unrelated to this litigation, and Plaintiffs have only alleged claims relating to their continued detention in MPC, there is no longer a "live" controversy between adversarial parties. In other words, circumstances beyond the control of this Court have changed such that these three Plaintiffs no longer have live stakes in their original claims. Indeed, Defendants point to a number of habeas cases filed by immigration detainees seeking release from detention, in which the court found the claim mooted after the petitioner was released by ICE for independent reasons. (Doc. No. 51, at 5–6 (citing cases in Southern District of Texas)). Similarly, the Fifth Circuit has held that cases seeking injunctive and declaratory relief based on conditions at a specific facility become moot when plaintiffs are released or transferred by the detaining custodian. *Smith v. City of Tupelo*, 281 F. App'x 279, 282 (5th Cir. 2008); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). Thus, because the three Plaintiffs who were released or transferred from MPC were released and transferred by ICE voluntarily, these three Plaintiffs no longer have live claims and thus, their claims are rendered moot.

However, Ms. Rojas, the fourth original Plaintiff, stands in a different posture than the other three Plaintiffs. Ms. Rojas was released from ICE custody pursuant to this Court's preliminary injunction order on April 17, 2020. Because the relief granted by this Court was preliminary, and thus, issued only in order to maintain Ms. Rojas's health for the pendency of this case, Ms. Rojas's claims have not been finally adjudicated. The Court thus finds that Ms. Rojas has maintained a live case since she first filed her claims in the original complaint, and thus, has standing to amend the complaint to add other Plaintiffs.

Defendants argue that, because Ms. Rojas has received the relief she requested—release from MPC—she can no longer argue for her own release, and thus, her claims are moot. However, Defendants overlook the fact that the Court's order releasing Ms. Rojas was *preliminary* relief. The Court is unaware of any instance in which a court's order granting preliminary relief is automatically considered a final adjudication on the merits, even when preliminary relief provides the relief that plaintiff seeks as final relief, for example, as a permanent injunction. Rather, preliminary relief in the present case is no different from preliminary relief in any other case the Court has previously presided over—it "merely . . . preserve[s] the status quo pending a final determination of the rights of the parties involved." *Wooten v. Ohler*, 303 F.2d 759, 769 (5th Cir. 1962). This Court has not adjudicated Ms. Roja's habeas petition or claims for declaratory or injunctive relief on the merits. The Court remains free to deny Ms. Rojas's claims after considering their merits, in which case, the Court's preliminary order would no longer have effect and Defendants could seek to redetain Ms. Rojas. Additionally, if Ms. Rojas were to violate the terms of her supervised release, which the Court allowed Defendants to impose when it ordered her release, Defendants would also remain free to seek revocation of Ms. Rojas's preliminary release before this Court. *See also Basank v. Decker*, 20 Civ. 2518, 2020 WL 1953847, at *4 (S.D.N.Y.

Apr. 23, 2020) ("[I]t is clear that a live case or controversy exists as to the remaining Petitioners. . . . But for the Court's order restraining Respondents from rearresting Petitioners, Respondents would presumably seek to detain Petitioners anew.").

Indeed, if the Court were to adopt Defendants' position that preliminary release of a habeas petitioner equates to final release and end the case, the Court would essentially be substituting the well-established legal standard for granting a writ of habeas corpus for the much lower standard required for preliminary relief. Such a position would, in practice, mean that "*substantial likelihood* of success on the merits" would be sufficient for granting a final writ of habeas on the merits. The Court has no such authority to alter the standard for granting a writ of habeas corpus.

Case law on appealability of writs of habeas provides further support. The Supreme Court has previously held that a live case or controversy exists for the government to appeal even when a lower court grants a writ of habeas and the petitioner has been released from custody. *Eagles v. United States ex rel. Samuels*, 329 U.S. 304, 307–08 (1946). The Supreme Court noted that, "[i]n such a case the release is obtained through the assertion of judicial power," and so, though the petitioner is no longer in custody, the case remains live for appeal. *Id.*; *see also Moreland v. Fed. Bureau of Prisons*, 431 F.3d 180, 184 (5th Cir. 2005) (finding that habeas claim was not moot for appeal despite release of petitioner from custody because respondent intended to return petitioner to custody if respondent prevailed on appeal). This disproves Defendants' claim that this case became moot when Ms. Rojas was released, because she received the relief requested. Rather, even where a petitioner is released, as requested, after a *final* adjudication, the case is not moot. Indeed, Defendants even argue in briefing that these cases on appellate jurisdiction are distinguishable from the present case because in those cases, the "underlying issue[s] . . . had not yet been adjudicated on the merits." (Doc. No. 71, at 9). In fact, the present case is

indistinguishable from the cited cases for this exact reason—this Court has not yet adjudicated the underlying merits of Ms. Rojas's claims. Thus, her claims are not moot.

At the hearing, the Court inquired whether Defendants were taking the position that they had no right to appeal the order releasing Ms. Rojas because it was now moot. While Defendants were unwilling to commit that position at the hearing, they later filed a notice with the Court that they "will not appeal" the order. (Doc. No. 78). However, Defendants' discretionary decision not to appeal the order does not affect the analysis of whether Ms. Rojas's claims are moot. Defendants have not asserted that they have *no right* to appeal, but rather, just that they choose not to appeal. Perhaps, if Defendants had provided Ms. Rojas and this Court with notice that they would no longer be defending this suit and no longer sought to redetain Ms. Rojas, Defendants' voluntary decision could moot this case.[1] However, Defendants have not done that, and certainly did not before Plaintiffs filed their Amended Complaint.[2] Because Defendants did not act in a way that

---

[1] This, however, is not a given. A defendant's "voluntary cessation" of conduct at issue in a lawsuit "does not moot a case or controversy unless subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Parents Involved in Cmty. Schs. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 719 (2007) (quotation and alteration omitted). Accordingly, alleged mootness based on a defendant's voluntary actions "is viewed with caution." *Yarls v. Bunton*, 905 F.3d 905, 910 (5th Cir. 2018) (quoting *Fontenot v. McCraw*, 777 F.3d 741, 747 (5th Cir. 2015)). "Allegations by a defendant that its voluntary conduct has mooted the plaintiff's case require closer examination than allegations that 'happenstance' or official acts of third parties have mooted the case." *Id.* (alterations omitted) (quoting *Envt'l Conservation Org. v. City of Dallas*, 529 F.3d 519, 528 n.4 (5th Cir. 2008)).

[2] Defendants also raise an argument in their Reply brief that ICE has granted Ms. Rojas the relief she sought because they released her under an Order of Release on Recognizance and placed her under an electronic monitoring program. (Doc. No. 71, at 5). However, the Court ordered that Ms. Rojas be released "under appropriate conditions of supervised release." (Doc. No. 41, at 17). Thus, ICE's actions were taken pursuant to the Court's order. Additionally, nothing in ICE's Order of Release on Recognizance states that ICE cannot redetain Ms. Rojas; in fact, the one-page order contains multiple warnings that certain violations "may result in revocation of your release and your arrest and detention by Immigration and Customs Enforcement." (Doc. No. 71-1, at 1). Thus, this document does not even imply that Defendants are no longer intending to defend their right to redetain Ms. Rojas in this case.

mooted Ms. Rojas's claims, and because the Court's order that granted Ms. Rojas preliminary relief did not moot her interest in the final adjudication of her claims, Ms. Rojas's claims have remained live cases or controversies throughout the pendency of this lawsuit. Thus, the Court has no basis to dismiss this case or strike Plaintiffs' Amended Complaint because of mootness. The Court hereby **DENIES** Defendants' Motion to Dismiss and Motion to Strike Amended Complaint.

Having accepted Plaintiffs' Amended Complaint, the Court now turns to Plaintiffs' pending motions, which seek certification of a class, expedited discovery on the identities of class members, and expedited relief for the class in the form of individualized bail hearings for release pending final adjudication of this lawsuit. The parties have briefed all pending motions and the Court heard argument on all pending motions at the hearing. However, the Court finds that it needs some additional information from Defendants about the proposed class before it can rule on any of Plaintiffs' pending motions. In particular, the Court finds that Defendants' claim that joinder is not impracticable, as required under Rule 23(a)(1) for class certification, is potentially meritorious. But the Court finds it cannot adjudicate the question of whether the proposed class members could bring their claims through joinder without some more information about the size and characteristics of the proposed class. Thus, the Court hereby **ORDERS** Defendants to file a supplemental brief that answers the following questions:

1. What is the current size of the proposed class, as defined by Plaintiffs in their Motion for Class Certification (Doc. No. 45-1, at 9)?

2. What is the composition of the individuals counted in Question 1, with regards to medical conditions? Please provide the number of proposed class members who have: (a) any CDC Risk Factors, as listed by Defendants in their Response to Motion for Class Certification

(Doc. No. 73, at 17–18); (b) no CDC Risk Factors, but have hypertension; and (c) no CDC Risk Factors, and no hypertension, but are in Plaintiffs' proposed class.

3. How many of the individuals counted in Question 1 are also class members in *Fraihat v. U.S. Immigration & Customs Enf't*, 2020 WL 1932570 (C.D. Cal. Apr. 20, 2020)?

4. Pursuant to which statutory provisions are the individuals counted in Question 1 detained? Please provide the number of proposed class members who: (a) are detained pursuant to mandatory detention provisions; (b) are detained pursuant to discretionary detention provisions; (c) have been denied bond by an immigration judge or another authority; (d) are eligible for bond but have not had a bond adjudication.

Defendants are not required to disclose any identifiable medical information. If there is information that Defendants consider to be sensitive medical information, they may file that information under seal or request that the Court review that information *in camera*.

Defendants must file their response by Thursday, May 28, 2020 at 11:59PM. The Court will defer its ruling on Plaintiffs' pending motions until after it receives Defendants' response.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 25th day of May, 2020.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE