United States District Court
Southern District of Texas
**ENTERED**
December 02, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROMAN VAZQUEZ BARRERA, *et al*, | § | |
| | § | |
| Petitioners, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-1241 |
| | § | |
| CHAD WOLF, *et al*, | § | |
| | § | |
| Respondents. | § | |

### ORDER

Pending before the Court is Plaintiff-Intervenors' ("Plaintiffs'") Motion for Expedited Discovery. (Doc. 171). After considering the Motion, the parties' briefs, parties' oral arguments, and all applicable law, the Court determines that Plaintiffs' Motion for Expedited Discovery should be **GRANTED**.

"Courts in this district generally apply a good cause standard in determining whether expedited discovery is appropriate." *Streamline Prod. Sys., Inc. v. Streamline Mfg., Inc.*, H-14-1289, 2014 WL 12600528, *1 (S.D. Tex. May 20, 2014) (internal citation omitted); *see also Chanel, Inc. v. The Individual, P'ship, or Unicorporated Associationn*, No. 4:14-CV-2617, 2014 WL 12605584, at *1 (S.D. Tex. Oct. 17, 2014) (Ellison, J.) (applying good cause standard). "Whether discovery will be permitted in connection with a motion for a class certification determination 'lies within the sound discretion of the trial court.'" *Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982) (internal citation omitted). In most cases, "a certain amount of discovery is essential in order to determine the class action issue and the proper scope of a class action." *Id.*

Plaintiffs seek an updated list of putative class members' names and A-numbers, as well as periodic updates to that list. Plaintiffs have shown good cause for this expedited discovery, and

Defendants' arguments do not compel a different conclusion. The Motion to Certify Class (Doc. 45) remains pending, and it is indisputable that there has been significant turnover at MPC since June of 2020. This is so because many detainees are no longer in custody at MPC and because MPC has accepted hundreds of new detainees. Plaintiffs have no less of an interest than they did the first time the Court ordered Defendants to provide this information in June 2020. (Minute Entry 06/08/2020; Minute Entry 06/23/2020). While only one named Plaintiff may be currently in custody at MPC, various named Plaintiffs have been released by this Court through intermediate bail relief. Because they remain subject to detention at MPC, they also remain putative class representatives with standing in this case.

Plaintiffs seek to represent a class of all medically vulnerable individuals detained at MPC. It is entirely reasonable for putative class counsel to develop the size and circumstances of the putative class by communicating with those individuals and gaining insight on their experiences at MPC. Plaintiffs may seek class-wide relief only if they have information as to current practices the putative class is subject to, including testing (aside from incoming detainees), population density across dormitories, meal administration, and symptom screening.

In contrast to Defendants' position, any access that putative class counsel previously had to interview detainees is largely irrelevant given the changes in population at MPC, as well as the changes in procedures and practices that Defendants have implemented in the preceding months. The Court is encouraged by the improvements and positive outcomes Defendants have reported. Nevertheless, it is necessary for putative class counsel to develop a factual record regarding the *current* putative class. Along those same lines, that information is necessary for this Court to make an informed ruling on class certification.

Plaintiffs have shown their request is reasonable in light of the circumstances and record. Therefore, Defendants are ordered to provide Plaintiffs a corresponding list of the names and A-numbers of all putative class members. The Court directs Defendants to provide this information by December 11, 2020, and to update the list every fourteen (14) days.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 2nd day of December, 2020.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE