UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ROMAN VAZQUEZ BARRERA, *et al*, §
§
   Petitioners, §
VS. § CIVIL ACTION NO. 4:20-CV-1241
§
ALEJANDRO MAYORKAS, *et al*, §
§
   Respondents. §

## **MEMORANDUM AND ORDER**

Before the Court are two related motions filed by Defendant-Respondents (the "Government"). The first is a Motion to Dissolve the Preliminary Injunction releasing Plaintiff-Petitioner Rojas. (Doc. 203). The second is a Motion to Vacate or Reconsider the Court's orders releasing various Plaintiff-Petitioners ("Plaintiffs"). (Doc. 210). The Government seeks this relief because of an intervening decision of the United States Court of Appeals for the Fifth Circuit. *See Rice v. Gonzalez*, 985 F.3d 1069 (5th Cir. 2021).

The Government has also filed a Notice of Appeal in this case. (Doc. 175). The parties agree that this Court lacks jurisdiction to vacate its orders outright due to the pending appeal. However, the same effect can be achieved through Rule 62.1 of the Federal Rules of Civil Procedure. The Government has successfully moved to place the appeal in abeyance while it awaits approval from the Department of Justice to pursue its appeal. This means, presumably, that the Government may decide that it finds no appealable error in the rulings of this Court. This may be a consequence of there having been a change in leadership at the Department of Justice. This Court is reluctant to withdraw or revise its prior decision if the unsuccessful party no longer disagrees with such decision.

1

Nor is it clear that *Rice v. Gonzalez* compels a different outcome. There, the Fifth Circuit denied a writ of habeas corpus seeking release from pretrial custody in a county jail because of the COVID pandemic. *Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021). The court reasoned that, when a favorable determination would not entitle a prisoner to accelerated release, "the proper vehicle is a § 1983 suit." *Id.* (quoting *Carlson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997)). Similarly, it noted that "COVID-19 relief claims in this circuit have been handled pursuant to 42 U.S.C. § 1983." *Id.* at n.2 (citations omitted).

The Fifth Circuit's emphasis on § 1983 is salient because it highlights why Plaintiffs, as immigrants detained by the Executive Branch, are not identical to pretrial detainees in state custody. Section 1983 is unavailable to Plaintiffs because they are not detained by a state actor. The corollary to § 1983, aside from habeas, is a *Bivens* action. But as the Fifth Circuit recently reiterated, *Bivens* actions are functionally non-existent. *See Byrd v. Lamb*, 990 F.3d 879, 882 (5th Cir. 2021) (per curiam) (rejecting an extension of *Bivens*); *id.* at 883-885 (Willett, J., concurring) (discussing lack of remedy to vindicate violations by federal officers while state officers are covered by § 1983). Plaintiffs could also possibly seek relief under the Administrative Procedure Act or the Federal Tort Claims Act, but those avenues were not discussed in *Rice* nor presented here. The point is that the lack of § 1983 as a vehicle significantly undermines the applicability of *Rice*—a case about state custody and § 1983—to the present case. A related distinction is that federalism concerns are absent here, unlike in federal habeas review of state criminal proceedings and prison administration. *See, e.g.*, *Preiser v. Rodriguez*, 411 U.S. 475, 490-92 (1973) (holding habeas corpus overrides § 1983 and relying on federalism concerns).

The Government's position is also based on precedent stating that, like pretrial detainees, immigrant detainees' constitutional claims are considered under the Due Process Clause and not

the Eighth Amendment. *See Edwards v. Johnson*, 209 F.3d 772, 778 (5th Cir. 2000). The Government's position oversimplifies the matter. The *Edwards* principle is based on substance, which substantive clause a person in detention can invoke, but does not decide the availability of a procedural vehicle. For that reason, it does not follow that *Rice* applies equally to an immigrant detainee under executive detention.

It is also imperative to pay heed to the executive nature of Plaintiffs' detention because of its historical ties to the writ of habeas corpus and the Suspension Clause. *See* U. S. Const., Art. I, § 9, cl. 2. Habeas corpus is "a writ antecedent to statute," that provides "federal courts' power to review applications for habeas relief in a wide variety of cases involving executive detention." *Rasul v. Bush*, 542 U.S. 466, 473-74 (2004). While the modern habeas statute has expanded the writ, "[a]t its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Id.* at 474 (quoting *INS v. St. Cyr*, 533 U.S. 289, 301 (2001)); *cf. Boumediene v. Bush*, 553 U.S. 723, 783 (2008) ("Where a person is detained by executive order, rather than, say, after being tried and convicted in a court, the need for collateral review is most pressing."). The Supreme Court has repeatedly recognized the importance of habeas corpus as a vehicle to challenge executive detention and seek release. *See Rasul*, 542 U.S. at 474-75 (citing cases), *St. Cyr*, 533 U.S. at 301-305 (discussing historical use of writ and recognizing Suspension Clause issue), *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (habeas remains available for challenges to post-removal detention). Just last term, the Supreme Court reaffirmed that the Suspension Clause guarantees, at a minimum, "a means of contesting the lawfulness of restraint and securing release." *Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959, 1969 (2020). Given the Great Writ's historical

core as applied to executive detention under the Suspension Clause, the Court is unconvinced that Plaintiffs would be precluded from such recourse by a decision pertaining to state pretrial custody.

Finally, as illustrated by *Pierre*, the same precedent relied on in *Rice*, Plaintiffs' claims challenge the fact of their confinement as a violation of due process. In *Pierre*, Haitian refugees sought an injunction for employment authorization while their immigration claims were pending. Pierre v. United States, 525 F.3d 933, 935 (5th Cir. 1976). The Fifth Circuit held this was beyond the bounds of habeas as "collateral" and "unrelated to, the issue of the legality of petitioners' custody." *Id.* The court contrasted the relief sought with cases in which "the court had jurisdiction to release from custody as a final disposition," and underscored that the district court had properly enjoined the petitioners' exclusion because that relief "inhered in the question of custodial restraint upon liberty." *Id.* at 936; *cf. Thuraissigiam*, 140 S. Ct. at 1969-70 (petitioner's claims fell outside the scope of habeas but a petition seeking release remains the historic role of habeas).

Applying that distinction here, Plaintiffs do not seek collateral relief nor an injunction against their conditions of confinement. Plaintiffs seek an inquiry into the question of custodial restraint upon their liberty, and argue that their detention does not fall within the special and narrow circumstances where civil detention is justified. *See Zadvydas*, 533 U.S. at 690. By contrast, *Rice* focused on challenges to parole, which could enhance eligibility for release but would not compel that result. 985 F.3d at 1070. Nonetheless, the Court reiterates that the legal issue presented by the Government's motion pertains to the availability of a procedural vehicle and not the merits of Plaintiffs' claims.

In sum, Plaintiffs' detention by the Executive Branch, where the writ of habeas corpus has historically been the strongest and a § 1983 claim is unavailable, leads this Court to doubt that *Rice* compels an outcome that the Government *may* ultimately seek—but may ultimately not. For

4

these reasons, the Court stays consideration of the Government's Motion to Dissolve the Preliminary Injunction and Motion to Vacate. The parties shall notify the Court if the Government does decide to consummate its appeal.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 28th of May, 2021.

*/s/ Keith P. Ellison*

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE